**Webert BOUCICAUT, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–4341–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

---

Kevin E. Dehghani, New Haven, CT, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Webert Boucicaut, a native and citizen of Haiti, seeks review of a September 12, 2007 order of the BIA affirming the April 12, 2006 decision of Immigration Judge ("IJ") Paul M. Gagnon, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Webert Boucicaut,* No. A78 598 003 (B.I.A. Sept. 12, 2007), *aff'g* No. A78 598 003 (Immig.Ct.Hartford, Conn. Apr. 12, 2006).

We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Corovic v. Mukasey,* 519 F.3d at 95.

We conclude that the agency's adverse credibility determination is supported by substantial evidence. The record supports the agency's finding that Boucicaut's testimony regarding an April 2000 incident was inconsistent with the written statement submitted with his asylum application. Boucicaut testified that in April 2000, Lavalas Party members beat him "very severely," such that he became unconscious. In his written statement, Boucicaut described the same incident but stated only that members "threatened to hit me." Boucicaut argues that the agency erred in basing its adverse credibility determination on this "minor" inconsistency. However, we have emphasized that where an applicant alleges an "event of major importance," a fact-finder "might reasonably expect him to have had a clear recollection" of it. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d

Cir.2007) (en banc). Here, Boucicaut testified that the incident prompted him to flee his home. In his testimony, he also emphasized that he "almost lost [his] life that day" and that the incident was so "terrible" that it was one he would "never forget." In contrast, Boucicaut's written statement describes the same incident but states only that he was "embarrassed and frightened." Especially in the absence of any explanation for the significant inconsistency in his accounts of the 2000 incident, we can find no error in the agency's determination that such discrepancy undermined Boucicaut's credibility.[1] *See id.*

Because the noted inconsistency was a sufficient basis for the agency's adverse credibility determination, we need not reach the IJ's other findings. Accordingly, the agency's denial of asylum was proper. *See Secaida–Rosales,* 331 F.3d at 308. Moreover, because the only evidence of a threat to Boucicaut's life or freedom or a risk of torture depended upon his credibility, the adverse credibility determination in this case precluded success on his claims for withholding of removal and CAT relief.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

1. Boucicaut characterizes the inconsistency as a minor omission from his asylum application. While we have cautioned against the reliance on omissions from asylum applications, *see Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), Boucicaut's argument is unavailing where the inconsistency at issue arose not from a written statement attached to his asylum application, but from a second written statement prepared at the IJ's request with the assistance of counsel.

2. Boucicaut argues that the BIA denied his right to due process in affirming the IJ's adverse credibility determination on the basis of minor inconsistencies and in failing to analyze his documentary evidence. Where the record reveals an inconsistency regarding an

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

event which Boucicaut himself characterized as significant, the BIA's decision, while brief, does not suggest that it failed to consider the entire record. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Accordingly, Boucicaut's due process challenge is unavailing. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")).